No. 13123

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

BILL McCARTER,

Plaintiff and Respondent,

-vs-

GLACIER GENERAL ASSURANCE COMPANY,

Defendant and Appellant.

---

Appeal from: District Court of the Ninth Judicial District,
Honorable Frank Blair, Judge presiding.

Counsel of Record:

For Appellant:

Alexander, Kuenning, Miller & Ugrin, Great Falls,
Montana
John H. Kuenning argued, Great Falls, Montana

For Respondent:

Morrow, Nash and Sedivy, Bozeman, Montana
Edmund P. Sedivy argued, Bozeman, Montana

---

Submitted: December 3, 1975

Decided: FEB 10 1976

Filed: FEB 10 1976

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

An insured farmer sued his insurance company to recover payment for losses allegedly due under two crop insurance policies. The district court of Toole County, Hon. Frank E. Blair, district judge presiding without a jury, awarded judgment to the insured farmer in the amount of $121,640.20, interest and costs. Defendant insurer appeals from this judgment.

Plaintiff is Bill McCarter, a farmer who raises winter and spring wheat on lands in Toole County, Montana. For several years prior to and including 1973, he insured his crops against hail damage and other risks with the Federal Crop Insurance Corporation. In late 1972 and early 1973 he applied for and purchased additional crop insurance from the defendant, Glacier General Assurance Company.

In his application for the additional Glacier Insurance, McCarter disclosed that he had other crop insurance covering the same perils, viz. Federal Crop Insurance. The Glacier Insurance was referred to as Multiple Peril Crop Insurance. It covered not only the standard hail and fire risks (designated "A" perils), but also losses due to weather conditions such as drought, flooding, freezing, windstorms and the like (designated "B" perils). McCarter paid a separate premium for coverage of "B" perils. "B" perils, unlike "A" perils, were subject to a pro rata clause limiting the insurer's liability to that proportion of the loss that the amount of its insurance bears to the total insurance.

Glacier issued two Multiple Peril Crop Insurance policies to McCarter. One policy covered winter wheat and the other covered spring wheat. Each policy covered both "A" and "B" perils. McCarter paid all premiums for both policies. He was charged the same premium he would have been charged had he not carried the Federal Crop Insurance.

In 1973 McCarter suffered severe losses to his winter and

- 2 -

spring wheat from drought. Settlement for these losses under his Glacier policies could not be effected, however, and the instant action resulted.

The case was submitted to the district court for decision on the basis of an agreed statement of facts, four depositions, and the testimony of McCarter and another area farmer at the trial. The material facts are largely undisputed. The chief battle-ground concerns essentially legal questions, principally the validity and construction of the pro rata clause in the Glacier policies.

The district court held the pro rata clause in the policies unlawful, void and unenforceable. McCarter was awarded judgment as though the policies contained no pro rata clause. The amount of the judgment was $121,640.20. The district court made an additional and alternative conclusion of law that if the pro rata clauses in the two policies were valid, the clauses should be interpreted and construed to require a total payment of $112,213.70. Glacier appeals from the judgment.

The issues on appeal can be summarized in this fashion:

(1) Is the pro rata clause in the Glacier policies void and unenforceable?

(2) If not, how should it be interpreted, construed and applied?

Glacier contends that the pro rata clause covering "B" perils is valid and enforceable for a variety of reasons: (1) It does not contravene Montana's unfair discrimination statute or public policy, (2) pro rata clauses are not unlawful per se, (3) the policy forms, rate structures and benefit schedules were approved by the insurance commissioner, and (4) McCarter has failed to carry his burden of proof that the clause is invalid. Additionally Glacier argues that the insurance would not have been written

without the pro rata clause, and the court should not rewrite the policy contrary to the intention of the parties.

Section 40-3512(3), R.C.M. 1947, Montana's unfair discrimination statute provides in pertinent part:

> "No such insurer shall make or permit any unfair discrimination either between insureds or property having like insuring or risk characteristics * * * in the premium or rates charged for insurance, or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the insurance."

The purpose of such unfair discrimination statutes is to establish and maintain uniform rates of insurance. 44 C.J.S., Insurance, § 342, p. 1308. The charging of excessive premiums constitutes discrimination against the insured. Fogg v. Morris Plan Ins. Soc., 188 N.Y.S. 867; 5 Couch on Insurance 2d, § 30:60, p. 579; 43 Am Jur 2d 559. Here McCarter was charged the same premium as another insured who carried no other crop insurance, but the benefits payable to him would be only a part of those payable to another insured without other crop insurance. There is a clear violation of the unfair discrimination statute under such circumstances and the district court so found:

> "5. That as between McCARTER, who carried other multiple peril crop insurance upon his crops, and any other insured farmer like McCARTER, but who did not carry other multiple peril crop insurance upon his crops, the two insureds had like insuring and risk characteristics, and GLACIER did cause to be made and permitted unfair discrimination between such insured in offering to pay substantially less benefits to McCARTER than those to be paid to other insureds for the same losses, but who had no other multiple peril crop insurance, all by virtue of the inclusion of the pro-rata clause in the policies of insurance in question."

This makes the pro rata clause unlawful in the instant case as it is "Contrary to the policy of express law, though not expressly prohibited." Section 13-801(2), R.C.M. 1947.

Glacier next argues that pro rata clauses are not unlawful per se, but on the contrary are valid and enforceable. This

- 4 -

is clearly the law. 16 Couch on Insurance 2d, § 62:26, and cases cited therein. But this argument is irrelevant. The vice here is that McCarter was charged a premium based on "full risk" insurance while the policy provided only for proportional or pro rata payment of the loss. Glacier's agent, Russell, testified that the premium structure for multiple peril crop insurance was established by company actuaries to cover a full loss to those insureds who had no other insurance. The agreed facts state that Glacier charged the same premium to an insured regardless of whether or not he had other crop insurance, and that McCarter was charged the same premium that he would have been charged had he not carried Federal Crop Insurance. The district court provided as a finding of fact:

> "4. That the premium charged McCARTER by GLACIER on the insurance policies in question was fixed and determined by GLACIER's actuaries in an amount so as to cover a full risk of loss to an insured under the policies, who had no other insurance coverage, including Federal Crop Insurance coverage, to pro-rate with GLACIER's policies."

Although pro rata clauses are not unlawful per se, such clause is unlawful here because a "full risk" premium was paid and only a partial recovery was possible under the pro rata clause.

The approval of the policy forms, rate structure, and benefit schedule by the office of the insurance commissioner does not validate an otherwise invalid pro rata clause. Sullivan and Miller v. Doe, 159 Mont. 50, 495 P.2d 193.

Finally Glacier argues that McCarter has not carried his burden of proving the pro rata clause invalid here. The basis of this contention is that McCarter produced no evidence of the absence of a rational basis for differentiating between insureds who have no other crop insurance and insureds having additional crop insurance, and accordingly there may well be a reasonable basis for charging both the same premium. Suffice

- 5 -

it to say that the record discloses the same premium charged both classes of insureds with one class being paid substantially higher loss benefits than the other. This constitutes prima facie evidence of excessive premium charges to insureds with like insuring or risk characteristics and the district court so found.

Our holding on the first issue renders consideration of the second issue unnecessary.

Judgment affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices